UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
NIPPONKOA INSURANCE COMPANY LIMITED         07 CIV 5637 (PKC)

                         Plaintiff,         ANSWER TO
                                COMPLAINT
     -against-                             WITH AFFIRMATIVE
                                DEFENSES
TOTAL TERMINALS INTERNATIONAL, LLC
and TRANSBAY CONTAINER TERMINAL, INC.,

                        Defendants.
------------------------------------------X

       Defendant TRANSBAY CONTAINER TERMINAL, INC., (herein "TRANSBAY") by its attorneys, MAHONEY & KEANE, LLP, answers the Complaint of plaintiff upon information and belief as follows:

       FIRST:  Defendant TRANSBAY denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "3", "4", "6", "7", "8", "9", "11", "12", "13", "14", "15", "16" and "17" of plaintiff's Complaint.

       SECOND:  Defendant TRANSBAY denies each and every allegation contained in paragraphs "2", "5", "10" and "18" of plaintiff's Complaint.

           ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION
      ON BEHALF OF DEFENDANT TRANSBAY CONTAINER TERMINAL INC.

       THIRD:  Defendant TRANSBAY repeats, reiterates and

makes applicable each and every response contained in paragraph "FIRST" and "SECOND" herein as if specifically set forth herein at length in response to the allegations contained in paragraph "19" of plaintiff's Complaint.

FOURTH: Defendant TRANSBAY denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "20" and "21" of plaintiff's Complaint.

FIFTH: Defendant TRANSBAY denies each and every allegation contained in paragraph "22" and "23" of plaintiff's Complaint.

ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION
ON BEHALF OF DEFENDANT TRANSBAY CONTAINER TERMINAL INC.

SIXTH: Defendant TRANSBAY repeats, reiterates and makes applicable each and every response contained in paragraph "FIRST" through "FIFTH" as if specifically set forth herein at length in response to the allegations contained in paragraph "24" of plaintiff's Complaint.

SEVENTH: Defendant TRANSBAY denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "25" and "26 of plaintiff's Complaint.

EIGHTH: Defendant TRANSBAY denies each and every allegation contained in paragraphs "27" and second paragraph "27" (the number "27" is used twice in plaintiff's Second Cause of

Action) of plaintiff's Complaint.

ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION
ON BEHALF OF DEFENDANT TRANSBAY CONTAINER TERMINAL INC.

NINTH:    Defendant TRANSBAY repeats and reiterates each and every response contained in paragraph "FIRST" through "EIGHTH herein as if specifically set forth herein at length in response to the allegations contained in paragraph "28" of plaintiff's Complaint.

TENTH:    Defendant TRANSBAY denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of plaintiff's Complaint.

ELEVENTH: DefendanT TRANSBASY denies each and every allegation contained in paragraph "30" of plaintiff's Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWELFTH:    The Complaint fails to state a claim against defendant TRANSBAY on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH:    Defendant TRANSBAY is not liable to plaintiff on the causes of action alleged in the Complaint.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    If there was any loss and/or damage to

cargo as alleged in the Complaint it was occasioned by causes for which the defendant TRANSBAY is exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which defendant TRANSBAY are liable, said damages must be limited pursuant to 46 U.S.C.A. 1304 (5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, defendant TRANSBAY is not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the defendant TRANSBAY is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Defendant TRANSBAY puts plaintiff to its proof of compliance with the provisions for giving of notice and

the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:    Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of defendant TRANSBAY or on board the carrying vessel(s) arose from the conditions of the goods when delivered to defendant, or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and defendant TRANSBAY is not under any liability for any such loss or damage.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:    (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any

loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, defendant TRANSBAY is not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH:   Plaintiff's claim is barred by the statue of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH:   Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom defendant TRANSBAY had and has no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH:   Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH:   Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of defendant TRANSBAY and as such plaintiff is barred

6

from recovery in this action.

AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff herein has failed to mitigate its damages.

AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of Forum Non Conveniens.

AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-THIRD: The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FOURTH: Plaintiff has failed to bring defendant TRANSBAY within the personal jurisdiction of the Court.

<u>AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIFTH: This Court lacks personal jurisdiction of the defendant TRANSBAY.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SIXTH: Plaintiff lacks privity of contract with defendants TRANSBAY.

<u>AS AND FOR AN TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SEVENTH: The terms of the bill of lading require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-EIGHTH: This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

<u>AS AND FOR AN TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-NINTH  Defendant TRANSBAY MERCHANT MARINE CO. LTD. was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

WHEREFORE, defendant TRANSBAY CONTAINER TERMINAL, INC. demands judgment dismissing the Complaint herein, awarding costs, fees, including reasonable attorneys' fees and disbursements of

this action, and for such other and further relief as to the Court may seem just and proper.

Dated:  New York, N.Y.
        July 12, 2007

                    MAHONEY & KEANE, ESQS.
                    Attorneys for Defendant
                    TRANSBAY MERCHANT MARINE CO. LTD.,

By: _____
    Cornelius A. Mahoney (7171)
    111 Broadway
    New York, New York 10006
    (212) 385-1422
    Files # 15/3426/B/07/7

TO: MALOOF, BROWNE & EAGAN LLP
    Attorneys for Plaintiff
    411 Theodore Fremd Avenue  Suite 190
    Rye, NY 10580
    (212) 914 921-1200

STATE OF NEW YORK    :
                     :  SS.:
COUNTY OF NEW YORK   :

    MARIE T. CUSH being sworn says:  I am not a party to the action, am over 18 years of age and reside at 311 Travers Place, Lyndhurst, N.J.

    On July 12, 2007, I served a true copy of the annexed ANSWER WITH AFFIRMATIVE DEFENSES

TO: MALOOF, BROWNE & EAGAN LLP
   Attorneys for Plaintiff
   411 Theodore Fremd Avenue  Suite 190
   Rye, NY 10580
   (212) 914 921-1200

on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.

                 MARIE T. CUSH

Sworn to before me this
12th day of July, 2007

_____
Notary Public

   CORNELIUS A. MAHONEY
    NOTARY PUBLIC
 State of New York No. 02MA608820
  Qualified in Nassau County
Term Expires 3/3/2011